On Motion to Dismiss.
íhe opinion of the court was delivered by
Bermudez, C. J.
The plaintiff sued before a justice of the peace for $86. The defendant pleaded a general denial. After trial judgment was rendered in favor of plaintiff, and defendant appealed to the District Court. He there filed a reconventional demand against the plaintiff for $2500.
When the ease came np for trial the defendant moved for a continuance, which was declined. Evidence was adduced, and, after hearing, the court affirmed the judgment appealed from. The defendant then appealed to this court from the refusal of the judge to allow the continuance, and, in no way, from the judgment rendered on the merits.
.A motion is made here to dismiss the appeal.
If the judgment rendered, which does not expressly pass on the reconventional demand, which it ignores totally, were susceptible of review by this court, an appeal should have been taken from it.
That was the only-way in which this court could have revised the ruling of the District Judge refusing a continuance.
But no appeal whatever was taken from the judgment, be it what it may, rendered on the merits of the case.
*926 Had an appeal been taken from a formal judgment dismissing the reconventional demand, the lower court would have been sustained; for it is manifest that, while sitting as an appellate court to try a case coming from a justice’s court, it had no jurisdiction to hear and determine a reconventional demand, which should have been instituted as an original demand by direct action.
Even if the reconventional demand had been regularly brought, the refusal of the judge to grant a continuance would not be treated as an interlocutory decree susceptible of causing an irreparable injury and be renewable here, as is attempted.
The motion must prevail.
It is, therefore, ordered that the appeal herein be dismissed with costs.
Breaux, J., recused as having been of counsel for plaintiff.